UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**MARQUISE TIMAINE JOHNSON**　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 4:24-CV-P99-JHM**

**CHRIS EUBANKS**　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Marquise Timaine Johnson, a pretrial detainee proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff sues Chris Eubanks, the Hopkins County Jail (HCJ) head nurse and wife of the HCJ jailer in her individual and official capacities. He complains of an "invasion of privacy" where several times "information has gotten leaked about whom I'm talking to or communicating with since I've been incarcerated," causing him personal problems in his life and his "relationship of the person I'm with." He states that the leaked information does not concern his medical records. He also states that there is "proof of wrong doings images and recordings of Chris Eubanks wrong doings." He alleges that "messages and video recordings have been intentionally violated for mischief and personal reasons of a person not liking me."

As relief, Plaintiff requests punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

The Due Process Clause of the Fourteenth Amendment protects persons against deprivations of "life, liberty, or property." U.S. CONST. Amend. XIV, § 1. The Sixth Circuit has "held that the right to informational privacy extends only to matters that implicate a fundamental liberty interest." *Kenny v. Bartman*, No. 16-2152, 2017 WL 3613601, at *6 (6th Cir. May 19, 2017) (citing *J.P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981)). The Sixth Circuit has

recognized an informational-privacy interest protected by the Fourteenth Amendment in only two instances: "(1) where the release of personal information could lead to bodily harm . . . and (2) where the information released was of a sexual, personal, and humiliating nature." *Wiles v. Ascom Transp. System, Inc.*, 478 F. App'x 283, 295 (6th Cir. 2012) (quoting *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (citations omitted)); *see also Kenny*, 2017 WL 3613601 at *6 (repeating that the Sixth Circuit has recognized a constitutionally protected informational-privacy interest in only these two circumstances); *Good v. Plumm*, No. 2:21-CV-29, 2021 WL 2410798, at *4 (W.D. Mich. June 14, 2021) ("[T]he Sixth Circuit has repeatedly rejected claims asserting a constitutional right to nondisclosure of personal information.") (citing cases).

Plaintiff does not allege that the released information could cause him bodily harm. It appears from the complaint that the information relates to whom he has been communicating with, the release of which he alleges has caused him unidentified "personal problems in my life and my relationship of the person I'm with." He does not allege that the "information released was of a sexual, personal, and humiliating nature." *Wiles*, 478 F. App'x at 295.

Furthermore, whether or not Defendant gathered and released the information because she does not like Plaintiff is immaterial in terms of stating a constitutional claim against her. Even "[c]onduct that is shameful and utterly unprofessional does not for this reason alone violate the Constitution . . . ." *Novatne v. Rudd Med.*, No. 3:19-CV-00748, 2020 WL 758812, at *3 (M.D. Tenn. Feb. 13, 2020) (internal quotation marks omitted) (finding that prison nurse who announced prisoner's medical condition in the presence of a guard did not violate the Constitution). The Court also notes that "[w]ith the exception of limited circumstances involving a special relationship, an inmate has no reasonable expectation of privacy in jailhouse conversations." *Booker-Bey v. Roberson*, No. 4:18CV42 NAB, 2018 WL 2717891, at *2 (E.D. Mo. June 6, 2018); *White v. Bracy*,

No. 1:16CV1593, 2017 WL 1194361, at *11 (N.D. Ohio Jan. 11, 2017) ("Monitoring a prisoner's non-attorney communications has been repeatedly upheld as a legitimate practice to advance legitimate penological interests."), *report and recommendation adopted*, No. 1:16 CV 1593, 2017 WL 1178993 (N.D. Ohio Mar. 30, 2017).

The Court will dismiss Plaintiff's claim against Defendant for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: December 20, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009